Robert L. HAGAN
v.
UNITED STATES of America.
No. 17109.

United States Court of Appeals
Fifth Circuit.
June 3, 1958.

Robert L. Hagan, in pro. per.

Philip C. McGahey, Jr., Asst. U. S. Atty., Cavett S. Binion, Asst. U. S. Atty., Fort Worth, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

PER CURIAM.

This appeal seeks review of the District Court's denial without a hearing of Hagan's "Motion to Vacate" under 28 U.S.C.A. § 2255. The contention urged was that since Counts 2, 4 and 6 cover sales of narcotics not in pursuance of the necessary written order, 26 U.S.C.A. § 2554(a) and Counts 1, 3, 5 and 7 charge receiving and concealing, 21 U.S.C.A. § 174, the drugs sold in the transactions on which Counts 2, 4 and 6 are grounded the sentence as pronounced[1] on Hagan's plea of guilty to all seven counts amounted to double punishment. This is not so for "selling" and "receiving and concealing" are separate and distinct offenses. Corollo v. Dutton, 5 Cir., 63 F.2d 7; Velasquez v. United States, 10 Cir., 244 F.2d 416.

The contention that the sentence is so ambiguous as to be incapable of interpretation was also unfounded. The obvious clarity of the sentence, note 1, supra, makes no interpretation necessary. Hode v. Sanford, 5 Cir., 101 F.2d 290;

Puccinelli v. United States, 9 Cir., 5 F.2d 6; United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309.

Equally frivolous is the assertion that the sentence violates the Eighth Amendment to the Constitution of the United States. There is nothing cruel, unusual, or excessive in a sentence which is less than half the maximum provided by law. Ginsberg v. United States, 5 Cir., 96 F.2d 433; Kasper v. Brittain, 6 Cir., 245 F.2d 92, certiorari denied 355 U.S. 834, 78 S.Ct. 54, 2 L.Ed.2d 46.

Since it appeared conclusively on the face of the motion below that Hagan was entitled to no relief, the Court was not required to file findings of fact and conclusions of law. United States v. Lawrence, 7 Cir., 216 F.2d 570; Birtch v. United States, 4 Cir., 173 F.2d 316, certiorari denied 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747; cf. Hallowell v. United States, 5 Cir., 197 F.2d 926.

The denial of the motion being thus correct, it is in all things affirmed.

---

1. "The sentence of the court is that on counts 1 and 3 the defendant shall be confined on each of those counts for three (3) years in Federal Prison, those two sentences being concurrent; on counts 5 and 7 of the indictment the defendant shall be confined on each of those two counts for four (4) years in Federal Prison, those 2 sentences being concurrent; and the further sentence of the court is that on counts 2, 4 and 6 of the indictment the defendant on each of those three counts shall be confirmed for Five (5) years in Federal Prison, the sentences on those three counts being concurrent, but the sentences on the three groups of counts, that is counts 1 and 3, 5 and 7, and 2, 4 and 6, shall each be separate and consecutive."