Clarence D. ROGERS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19445.

United States Court of Appeals
Fifth Circuit.

June 11, 1962.

Rehearing Denied Aug. 8, 1962.

Charles R. Wheeler, Fort Worth, Tex., for appellant.

William L. Hughes, Jr., Asst. U. S. Atty., Fort Worth, Tex., for appellee.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

RIVES, Circuit Judge.

The indictment, upon all three counts of which Rogers was convicted, charged:

Count 1: "That on or about the 8th day of July, 1961, in Tarrant County, Texas, in the Fort Worth Division of the Northern District of Texas, CLARENCE D. ROGERS

did knowingly and unlawfully have in his possession the contents of a letter addressed to G. C. and A. M. Williams, 2921 Lubbock Avenue, Fort Worth, Texas, which letter had been stolen from an authorized depository for mail matter located at 1201 Hurley Street, Forth Worth, Texas, and which letter he knew had been stolen, the said contents being United States Treasury Check No. 4,803,394, dated March 20, 1961, in the sum of $380.51, payable to G. C. and A. M. Williams, 2921 Lubbock Avenue, Fort Worth, Texas. (Title 18, United States Code, Section 1708)."

*Count 2:* "That on or about the 8th day of July, 1961, in Tarrant County, Texas, in the Fort Worth Division of the Northern District of Texas, CLARENCE D. ROGERS and NELM SILVESTER SWALLOW, for the purpose of obtaining and receiving a sum of money from the United States, did wilfully, knowingly and unlawfully forge United States Treasury Check No. 4,803,394, dated March 20, 1961, in the sum of $380.51, over Symbol No. 3160, payable to G. C. and A. M. Williams, 2921 Lubbock Avenue, Fort Worth, Texas, by forging the endorsement of the payees' names thereon. (Title 18, United States Code, Sections 495 & 2)."

*Count 3:* "That on or about the 8th day of July, 1961, in Tarrant County, Texas, in the Fort Worth Division of the Northern District of Texas, CLARENCE D. ROGERS and NELM SILVESTER SWALLOW, with intent to defraud the United States, did utter and publish as true a forged United States Treasury Check, No. 4,803,394, dated March 20, 1961, in the sum of $380.51, over Symbol No. 3160, payable to G. C. and A. M. Williams, 2921 Lubbock Avenue, Fort Worth,

Texas, knowing the same to have been forged. (Title 18, United States Code, Section 495 & 2)."

Rogers' pre-sentence report showed that this was his fifth criminal conviction, though two of the earlier convictions occurred more than 20 years before the present conviction. The other two were listed as January 24, 1952, forgery, sentence 3 years, and September 16, 1954, defrauding by check, sentence 2 years. The present offense was alleged to have been committed on July 8, 1961, or nearly seven years after his last previous conviction. Rogers had been in custody on the present charge since August 11, 1961, or for nearly four months before he was sentenced on December 6, 1961 to "imprisonment for a period of five (5) years on count 1; ten (10) years on count 2, said sentence on count 2 to begin at the end of the service of the sentence on count 1; and ten (10) years on count 3, said sentence on count 3 to begin at the end of the service of the sentence on count 2, making a total of 25 years to be served."

It will be noted that the offenses in all three counts of the indictment concerned a Treasury check ·in the sum of $380.51. It is not necessary for us to pass on the question not argued by counsel as to whether the sentence to 25 years' imprisonment is within the interdiction of the Eighth Amendment against the infliction of "cruel and unusual punishments."

"Punishment is not 'cruel and unusual,' unless it is so greatly disproportionate to the offence committed as to be completely arbitrary and shocking to the sense of justice. Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793; United States v. Rosenberg, 2 Cir., 195 F.2d 583, certiorari denied 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687."

Kasper v. Brittain, 6 Cir., 1957, 245 F.2d 92, 96.[1]

---

1. "A partially successful effort has been made to enlarge the concept of unusual punishment to cover penalties which shock the sense of justice by their ab-

In the absence of other constitutional provision or of statute, this Court has no power to review the length of a sentence within the limits permitted by statute.[2] We may, however, carefully examine the entire record to determine whether it reveals plain errors affecting substantial rights noticeable under Rule 52(b), Federal Rules of Criminal Procedure, 18 U.S.C.A.[3]

Prior to the trial, Rogers moved the court to grant a severance of defendants, assigning the following among other grounds:

"I.

"That defendant, Clarence D. Rogers and defendant, Nelm Silvester Swallow are diametrically opposed and their interests are not the same in contesting the same. Defendant, Clarence D. Rogers asserts and declares his innocence of the charges now pending against him; and defendant, Nelm Silvester Swallow, has indicated on October 27, 1961, that he intends to, and will, enter a plea of Guilty, and ask for a probated sentence, which, if true, will materially impair the opportunity of defendant, Clarence D. Rogers to have the case against him presented fairly and without prejudice to the jury.

"II.

"Defendant Nelm Silvester Swallow has given a statement to United States officers and officials which implicates defendant, Clarence D. Rogers, which Clarence D. Rogers protests and declares is false and incorrect, but which, on a trial in which both are co-defendants will be read to the jury, and which, though Clarence D. Rogers did not join in will necessarily and severely prejudice him in the eyes of the jury, to such an extent that he cannot obtain a fair and impartial jury trial if both parties are tried at the same time."

On December 6, 1961 Rogers' motion for severance was overruled by the court. The jury was then selected, impaneled and sworn. The following proceedings were then had at the bench, in the presence, but outside the hearing, of the jury:

"Mr. HUGHES (Assistant U. S. Attorney): Your Honor, Mr. Hausenfluck just told me his client is going to plead guilty and he wondered if there was any impropriety in taking that plea before the jury at the same time

---

solute or relative severity. Justice Field pointed the way for this development in his dissenting opinion in O'Neil v. Vermont,[1] wherein the majority refused to apply the Eighth Amendment to a State. With the concurrence of two other Justices he wrote that the amendment was directed 'against all punishments which by their excessive length or severity are greatly disproportioned to the offenses charged.'[2] Eighteen years later a divided Court condemned a Philippine statute prescribing fine and imprisonment of from twelve to twenty years for entry of a known false statement in a public record, on the ground that the gross disparity between this punishment and that imposed for other more serious fines made it cruel and unusual, and as such, repugnant to the Bill of Rights.[3] No constitutional infirmity was discovered in a measure punishing as a separate offense each act of placing a letter in the mails in pursuance of a single scheme to defraud.[4]

"[1] 144 U.S. 323 [12 S.Ct. 693, 36 L.Ed. 450] (1892).

"[2] Ibid, 339, 340 [12 S.Ct. 693].

"[3] Weems v. United States, 217 U.S. 349, 371, 382 [30 S.Ct. 544, 54 L.Ed. 793] (1910).

"[4] Badders v. United States, 240 U.S. 391 [36 S.Ct. 367, 60 L.Ed. 706] (1916). Cf. Donaldson v. Read Magazine, 333 U.S. 178, 191 [68 S.Ct. 591, 92 L.Ed. 628] (1948)."

Corwin, Constitution of the United States Annotated (1952), pp. 904, 905.

2. United States v. Rosenberg, 2 Cir., 1952, 195 F.2d 583, 604, and cases there cited; United States v. Sohnen, 2 Cir., 1960, 280 F.2d 109, 110, and cases there cited.

3. Logan v. United States, 5 Cir., 1951, 192 F.2d 388; Todorow v. United States, 9 Cir., 1949, 173 F.2d 439, 448.

"THE COURT: I will retire the jury. Is he pleading guilty on just one count?

"MR. HUGHES: Just one count.

"THE COURT: Which count?

"MR. HUGHES: Count III. We will move to dismiss Count II.

"THE COURT: I will withhold sentence until the other case is disposed of. Suppose I ask the jury to retire and of course you can take him on back there to the cell—you won't need him sitting here, will you?

"MR. HUGHES: We don't want him in here. I thought we might arraign him outside of the presence of the jury.

"MR. HAUSENFLUCK (Counsel for Swallow): Your Honor, he is on bond. Would that bond be good until such time as he is sentenced?

"THE COURT: Yes, I will continue his bond at least until after the trial.

"MR. WHEELER (Counsel for Rogers): At this time, Your Honor, the defendant Clarence Rogers moves for a mistrial on the ground that the announcement of this cannot be concealed from the jury and it will have a prejudicial effect on my case, on my client, Clarence Rogers. I think the Court will see the circumstances of that and should grant the motion for a mistrial.

"THE COURT: Is that your motion?

"MR. WHEELER: Yes, sir.

"THE COURT: I overrule it."

■ Under our decisions in Schaffer v. United States, 5 Cir., 1955, 221 F.2d 17, 19, 54 A.L.R.2d 820, and Barton v. United States, 5 Cir., 1959, 263 F.2d 894, 898 (see also Everitt v. United States, 5 Cir., 1960, 281 F.2d 429, 433; Annotation 54 A.L.R.2d 830), the motion for severance of defendants should have been granted. No justifiable reason is apparent for calling the case against both defendants, and selecting, impaneling and swearing the jury before accepting Swallow's plea of guilty to one count. When that was done, there was so much probability of injury to Rogers that the court should then have granted his motion for mistrial.

It is not necessary to discuss the other claimed errors. The judgment is reversed and the cause remanded.

Reversed and remanded.

JONES, Circuit Judge (dissenting in part).

Among the claimed errors which the majority does not pass upon is the appellant's exception to this portion of the court's charge to the jury:

"If you find and believe from the evidence that * * * Clarence D. Rogers * * * did utter and publish as true this check * * * and if you believe that it was forged, and that the defendant Rogers knew it was forged, then you will find the defendant Rogers guilty under the third count of the indictment. If you do not so find, or if you have a reasonable doubt as to such matters, you will find him not guilty under that count."

The check was genuine, it was not a forged check. Count 3 charges that the appellant uttered a forged check, not a genuine check with a forged endorsement. The differences between a forged check and a forged endorsement are pointed out by the Supreme Court in Prussian v. United States, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610, and by the Sixth Circuit in Carr v. United States, 278 F.2d 702. The evidence showed the check to be genuine and the endorsement to be forged. There was no evidence to show a forgery of the instrument and, in my opinion, the court erred not only in giving the quoted instruction but in failing to direct an acquittal on Count 3. Carr v. United States, supra. If these errors have not been properly preserved I would look at the ten-year sentence imposed on the Count 3 conviction and apply

the plain error rule. Because I think this Court should not subject the appellant to another trial for uttering as forged an admittedly genuine instrument, I dissent from its doing so.