UNITED STATES of America, Plaintiff-Appellee,

v.

John DROTAR, Defendant-Appellant.

No. 27319

Summary Calendar.

United States Court of Appeals Fifth Circuit.

Sept. 12, 1969.

Philip Goodheim, Hollywood, Fla., (court-appointed) for defendant-appellant.

William A. Meadows, Jr., U. S. Atty., Theodore Klein, Robert L. Steuer, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

■■ This appeal involves an attack upon the imposition of a sentence of five years imprisonment and a denial of probation and parole pursuant to Title 26, Section 7237,[1] United States Code, for possession of marihuana, as cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

The appellant John Drotar was convicted on December 13, 1968, by a plea of guilty in the Southern District of Florida for possession of a quantity of marihuana which he acquired and obtained without paying the tax imposed by 26 U.S.C. Sec. 4741(a), in violation of 26 U.S.C. Sec. 4744(a) (1) and 18 U.S. C. Sec. 2. At the sentence proceedings, Drotar admitted that he had previously been convicted of possession of marihuana in the Southern District of Texas in July, 1966. Drotar was sentenced to a term of 5 years in the custody of the Attorney General, the minimum sentence permissible under 26 U.S.C. Sec. 7237 (a) upon the second conviction for possession.

The appellant makes two contentions: first, that the minimum mandatory sentence of 5 years and the denial of probation and parole imposed in this case

---

1. The relevant parts of Section 7237 provide:

(a) Where no specific penalty is otherwise provided.—Whoever commits an offense, or conspires to commit an offense, described in part I or part II of subchapter A of chapter 39 for which no specific penalty is otherwise provided, shall be imprisoned not less than 2 or more than 10 years and, in addition, may be fined not more than $20,000. For a second offense, the offender shall be imprisoned not less than 5 or more than 20 years and, in addition, may be fined not more than $20,000. For a third or subsequent offense, the offender shall be imprisoned not less than 10 or more than 40 years and, in addition, may be fined not more than $20,000.

(d) No suspension of sentence; no probation; etc.—Upon conviction—* *

(2) of any offense the penalty for which is provided in subsection (a) of this section, if it is the offender's second or subsequent offense,

the imposition or execution of sentence shall not be suspended, probation shall not be granted and in the case of a violation of a law relating to narcotic drugs, section 4202 of title 18, United States Code, and the Act of July 15, 1932 (47 Stat. 696; D.C.Code 24–201 and following), as amended, shall not apply.

as a result of the conviction for possession of marihuana is cruel and unusual punishment violative of the Eighth Amendment to the U. S. Constitution; and, second, that it is unconstitutional under the First Amendment for the federal government to make the possession of marihuana in the privacy of a person's home a criminal offense.

In support of his first contention, the appellant argues that, according to current scientific knowledge, marihuana is non-addictive and is less harmful than cigarettes or alcohol, and that, in the light of this knowledge, a minimum mandatory sentence of 5 years and a denial of probation and parole for the possession of marihuana is excessive and constitutes cruel and unusual punishment. Ordinarily, a court of appeals may not review the imposition of a sentence by a trial court which is within the maximum and minimum terms provided by the sentencing statute, Rogers v. United States, 5 Cir., 1962, 304 F.2d 520, 522; however, if the sentence prescribed by statute is cruel and unusual within the meaning of the Eighth Amendment, the statute itself is unconstitutional and any sentence imposed thereunder must be set aside. Gallego v. United States, 9 Cir., 1960, 276 F.2d 914. See Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910). "Punishment is not 'cruel and unusual,' unless it is so greatly disproportionate to the offense committed as to be completely arbitrary and shocking to the sense of justice." Rogers v. United States, supra, 304 F.2d at 521, citing Weems v. United States, supra, and United States v. Rosenberg, 2 Cir., 1952, 195 F.2d 583, cert. den. Rosenberg v. United States, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 652. See Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958). The appellant has cited to us an extensive list of scientific authorities supporting his contention that marihuana is neither addictive or harmful; the government has cited to us an extensive list of similar authorities to the contrary. This, it seems, is a fair indication of the status of scientific opinion on the matter at the present time. In the case of United States v. Ward, 1967, 387 F.2d 843, the Seventh Circuit faced the identical argument that we face in this case and held that Section 7237 does not impose cruel and unusual punishment in violation of the Eighth Amendment. In doing so, the Court said:

In any event, the progress of scientific research in the whole area of narcotics and drug abuse, during the eleven years since the first enactment of the relevant statute, § 7237, under review, has not resulted in the establishment of scientific knowledge to the extent that would enable us to nullify § 7237(a) and (b), supra, on constitutional grounds, even if we deemed it appropriate to do so. At 848.

The past two years have not produced any conclusive scientific evidence to undermine the position taken in *Ward.*

The appellant also argues that even if marihuana is addictive and harmful, Section 7237 constitutes cruel and unusual punishment because it imposes criminal sanctions on acts which are incident to the *status* of being a drug addict, relying on Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). In *Robinson,* a statute which made the *status* of being a drug addict in the State of California a crime was declared unconstitutional as cruel and unusual punishment. The appellant argues by extension that any statute which imposes criminal sanctions to any act *incident to the status* of being a drug addict is likewise unconstitutional and that possession of marihuana or narcotics is an act *incident to the status* of being an addict. *Robinson,* however, will not admit of such an extension. The Court clearly indicated in that case that, while it is unconstitutional to impose criminal sanctions on a person simply because he has become addicted to drugs, it is not unconstitutional to punish overt acts

917

which may originate from a drug addiction. As the Court said:

> This statute, [Section 11721, California Health & Safety Code] therefore, is not one which punishes a person for the use of narcotics, for their purchase, sale or *possession*, or for antisocial or disorderly behavior resulting from their administration. It is not a law which even purports to provide or require medical treatment. Rather, we deal with a statute which makes the "status" of narcotic addiction a criminal offense, for which the offender may be prosecuted "at any time before he reforms". 370 U.S., at 666, 82 S.Ct., at 1420, 8 L.Ed.2d at 762. (Emphasis supplied).

The appellant's contention that Section 7237 imposes cruel and unusual punishment in violation of the Eighth Amendment is therefore without merit, and, as was pointed out in United States v. Ward, supra, 387 F.2d at 848, any modification in the laws dealing with the possession of marihuana and other drugs is solely within the competence of the legislative branch of the government.

[4] In contending that it is violative of the First Amendment to the United States Constitution to make possession of marihuana in the privacy of one's own home a criminal offense, the appellant relies on the recent case of Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), which held unconstitutional under the First and the Fourteenth Amendments a Georgia statute which made possession of obscene matter in the privacy of the home a criminal offense. Appellant's reliance on *Stanley* is erroneous. The Supreme Court, in *Stanley*, in footnote 11 at 394 U.S., at 568, 89 S.Ct., at 1249, 22 L.Ed.2d 551, stated:

> What we have said in no way infringes upon the power of the State or Federal Government to make possession of other items, such as *narcotics*, firearms, or stolen goods, a crime. Our holding in the present case turns upon the Georgia statute's infringe-

ment of fundamental liberties protected by the First and Fourteenth Amendments. No First Amendment rights are involved in most statutes making mere possession criminal. (Emphasis supplied).

The appellant's second contention is thus without merit.

The judgment of the district court is hereby

Affirmed.