UNITED STATES of America

v.

Kenneth R. CARROLL, Appellant.

No. 23282.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 25, 1970.

Decided Oct. 30, 1970.

---

Mr. Douglas V. Rigler, Washington, D. C., with whom Mr. Marcus A. Hollabaugh, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. William S Block, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and John S. Ransom, Asst. U. S. Attys., were on the brief, for appellee. Mr. Richard A. Hibey, Asst. U. S. Atty., also entered an appearance for appellee.

Before WRIGHT, McGOWAN and MacKINNON, Circuit Judges.

PER CURIAM:

On November 4, 1968, appellant entered a plea of guilty to Count 1 of an indictment charging forgery in violation of 22 D.C.Code § 1401 (1967). When on January 24, 1969, Carroll appeared for sentencing, he was advised by the court that he was believed to be an eligible offender and an addict within the meaning of 18 U.S.C. § 4251 (Supp. V 1965–1969), and that pursuant to 18 U.S.C. § 4242 (Supp. V 1965–1969) he was to be placed in the custody of the Attorney General or his authorized representative for a period of 30 days for an examination to determine whether he was an addict and was likely to be rehabilitated by treatment.

On April 17, 1969, having received the report of authorities at the Federal Correctional Institution in Danbury, Connecticut, the court sentenced appellant pursuant to 18 U.S.C. § 4253 (Supp. V 1965–1969) to an indeterminate term not to exceed ten years, with the understanding that appellant could be released by the authorities at Danbury at any time after six months. After this sentence had been imposed, appellant filed a motion in the District Court to obtain access to the presentence investigation report and to the Danbury report in order that any basis for considering Carroll to be an addict might be disclosed. This motion was denied on December 29, 1969.

The basis of appellant's appeal is his contention that he is not an addict and was not therefore an appropriate subject for sentencing under 18 U.S.C. § 4253. He asks that we vacate his sentence because the trial court denied him due process of law both when it committed him for examination on a record disclosing no basis whatever for "belief" that he was an addict within the meaning of 18 U.S.C. § 4251(a) and when it refused him access to the report of the Attorney General upon which his classification as an addict and sentencing under 18 U.S.C. § 4253 were grounded.

We agree with appellant's contention that Section 4252 is in essence a classification statute in which an adverse determination that a person is a member of a class has an immediate effect upon his personal liberty. As a member of the class of eligible offender addicts, individuals may be committed to a program in which the maximum term of confinement is determined more with respect to status within the class (e. g., their progress as patients) than with reference to the gravity of the offense which brings them initially within the

ambit of the statute. Since personal liberty is vitally affected, the Fifth Amendment requires that due process of law be applied to the classification process. And notice of the facts supporting the contemplated classification, along with an opportunity to test or reply to these facts, is beyond doubt an important part of this due process requirement. We also note, however, that the Narcotics Addict Rehabilitation Act provides a meaningful and progressive sentencing alternative which judges should be encouraged to use for appropriate offenders. There is no requirement that sentencing under this Act be with the voluntary consent of the offender.

We find no abuse of discretion in the District Court's·denial of appellant's post-sentencing motion because at no time throughout the sentencing proceedings did appellant or his counsel challenge either the court's expressed initial "belief" or its ultimate finding on the record in his presence that appellant was an addict.[1]

Affirmed.

---

1. Although not essential to our disposition of this appeal, we have, from an abundance of caution in appellant's interest, examined the reports to which he seeks access, and we are satisfied there is no question of his having been prejudiced by the denial of his motion.