Luke Joseph RENER, Petitioner-
Appellant,

v.

Dr. George J. BETO, Respondent-
Appellee.

No. 71–1125

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 11, 1971.

Rehearing and Rehearing En Banc Denied
Sept. 30, 1971.

* [1] Rule 18, 5th Cir.; *see* Isbell Enterprises v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

Luke J. Rener, pro se.

Phil Burleson, Dallas, Tex. (Court-appointed), for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Tex., Charles R. Parrett, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Finding the appellate contentions of Luke J. Rener to be without merit, we affirm the district court's denial of habeas corpus relief.

On the evening of March 10, 1965, two Dallas Police officers were routinely patrolling when they noticed that Rener's car was illegally parked. Both Rener and his car were recognized by the officers, since he was personally known by them to have been previously convicted for the possession of marijuana. Rener was standing in a phone booth with a *young female companion* standing just outside. Partially because of the illegal parking and partially because there had been a series of telephone booth burglaries in the area, together with a knowledge of Rener's previous criminal record, the officers decided to investigate. They made a u-turn and parked behind Rener's car and got out. When they had approached to within 10 feet of the booth, Rener reached into his sock and extracted a small, thin, homemade cigarette. Rener placed the entire cigarette inside his mouth. Concluding from its appearance and Rener's unusual act that it was a marijuana cigarette and Rener was about to swallow it, the officers rushed to Rener and extracted the object from his mouth. Subsequent laboratory test positively established the contents of the cigarette to be marijuana.

Rener was convicted of possession of a narcotic drug, to-wit: marijuana in violation of Art. 725b of the Texas Penal Code and was sentenced to 30 years in the Texas Department of Corrections. On direct appeal his conviction was affirmed,[1] and he thereupon made an application for a writ of habeas corpus. Having unsuccessfully exhausted his state remedies, Rener next sought habeas relief in the federal district court, only to meet the same fate. Rener now urges these same previously rejected grounds before this court as basis for the grant of habeas relief:

1. His arrest was illegal and therefore the fruits of the illegal search and seizure were inadmissible.

2. Article 725b of the Texas Penal Code is unconstitutional as applied here since marijuana is not a narcotic drug.

3. His sentence of thirty years is cruel and unusual punishment in violation of the Eighth Amendment.

SEARCH AND SEIZURE

Rener contends that since the arrest was allegedly violative of the Fourth Amendment, the subsequent search and the fruits of such search—the marijuana cigarette—were inadmissible against him at trial. Under the circumstances, however, we do not find that the arrest was constitutionally violative.

Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, (1968) teaches that "[a] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." That the police officers were engaging in such activity in the instant case, up until the time Rener took the marijuana cigarette from his sock, is apparent. The officers had spotted a traffic violation and, in view of the rash of burglaries in the

---

1. Rener v. State, 416 S.W.2d 812 (Tex.Crim.App.1967).

area, were walking along a public street to make a cursory investigation. They had a right to be in the position they were in.

■ Since the officers had a right to be in the position to have the view, they had probable cause to believe that petitioner was about to destroy a marijuana cigarette by eating it. Rener's prior marijuana conviction was known to the officers, both of whom testified that, based upon their prior experience and observation, they felt the cigarette was marijuana. There was probable cause to make the arrest. As was stated by this circuit in United States v. Gordon, 421 F.2d 1068 (5th Cir. 1970):

> As stated in United States v. Saka, 3 Cir., 1964, 339 F.2d 541, "If an officer sees the fruits of a crime, *or what he has good reason to believe* to be the fruits of a crime, \* \* \*, the officer is not required to look the other way or to disregard the evidence, merely because he is not armed with a search warrant."

## CLASSIFICATION OF MARIJUANA AS NARCOTIC

Rener's attack on the constitutional unreasonableness of the legislature's classification of marijuana as a narcotic does not seek to question the degree of threat to the public or the right of the legislature to protect the public welfare against marijuana. Rather, he argues that since the overwhelming and uncontradicted evidence demonstrates that there is nothing on which to base the Legislature's classification of marijuana as a narcotic drug, the classification is arbitrary and should be held unconstitutional as violative of due process and equal protection.

■ Our standard for reviewing the statutory scheme used in Texas for controlling drugs is not whether it is wise or desirable. Daniel v. Family Sec. Life Ins. Co., 336 U.S. 220, 69 S.Ct. 550, 93 L.Ed. 632 (1949) Legislatures have been given wide powers of discretion when it comes to classifications in the adoption of police laws and it is limited only when such classification is without any reasonable basis. As was pointed out in Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957):

> "1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary." Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78–79, 31 S.Ct. 337, 340, 55 L.Ed. 369."

We must therefore determine whether there exists any reasonable basis which would sustain the classification of marijuana as a narcotic.

■ Rener employed expert testimony, together with much documentary evidence, to show basically that marijuana is not a narcotic since it is not physically addictive and does not have any of the "withdrawal symptoms" attributable to other addictive drugs named in the act. The state countered with testimony that all the drugs mentioned in Article 725b had an effect on the nervous system, impaired judgment to some extent, distorted perception (time, space and color), might lead to dependency—either physical or psychological—and had unknown long range effects. There was additional testimony that, although pharmacologically marijuana would not

be classified as a narcotic, it did have slight narcotic actions. Webster's Third New International Dictionary, p. 1503 (1966), discloses that "narcotic" is sometimes defined as "inducing mental lethargy" and as something that "soothes, relieves or lulls." We are unable to say that the Texas legislature acted arbitrarily or without a reasonable basis when it classified marijuana, together with addictive drugs, as a narcotic.[2]

As was pointed out in Leary v. United States, 383 F.2d 851 (5th Cir. 1967), *rev. on other grounds*, 395 U.S. 6, 89 S. Ct. 1532, 23 L.Ed.2d 57 (1969), Congress has demonstrated beyond doubt that it believes marijuana is an evil in American Society and a serious threat to its people." In Ferguson v. Skrupa, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963), the Supreme Court declared that "the doctrine that * * * due process authorizes courts to hold laws unconstitutional when they believe the legislature has acted unwisely—has long since been discarded. We have returned to the original constitutional proposition that courts do not substitute their social economic beliefs for the judgment of legislative bodies, who are elected to pass laws." We cannot disturb the classification adopted by the Texas legislature in the instant case.

## CRUEL AND UNUSUAL PUNISHMENT

Finally, Rener contends that the sentence of thirty years violated the Eighth Amendment. This Circuit has long followed the principle that a sentence within the statutory limits set by a legislature is not to be considered cruel or unusual. Castle v. United States, 399 F.2d 642 (5th Cir. 1968); Rogers v. United States, 304 F.2d 520 (5th Cir. 1962). A sentence of thirty years is within the range of punishment prescribed by the Texas Penal Code for a second offense of possessing marijuana.

Finding no error in the actions and decisions of the district judge, the denial of the petition of habeas corpus is hereby

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR RE-HEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

2. This Circuit has previously indicated that there was insufficient scientific knowledge on narcotics and drug abuse to invalidate a drug statute, even if it felt it appropriate to do so. United States v. Drotar, 416 F.2d 914 (5th Cir. 1969).