UNITED STATES of America,
Plaintiff-Appellee,

v.

Brady HORD, Jr., Defendant-Appellant.

No. 71-2396.

United States Court of Appeals,
Ninth Circuit.

May 4, 1972.

Frank Ubhaus (argued), James F. Hewitt, Federal Public Defender, San Francisco, Cal., for defendant-appellant.

James Hayard, Asst. U. S. Atty. (argued), F. Steele Langford, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before DUNIWAY and TRASK, Circuit Judges, and PREGERSON, District Judge.*

PER CURIAM:

At his trial without a jury for bank robbery in violation of 18 U.S.C. § 2113 (a), the appellant Hord admitted robbing the bank but claimed that he should be acquitted because his addiction to heroin was a mental disease or defect that substantially impaired his ability to appreciate the wrongfulness of his conduct, or to conform it to the requirements of law, within the meaning of Wade v. United States, 9 Cir., 1970, 426 F.2d 64. After hearing evidence of the duration and severity of Hord's addiction and its effect on his behavioral controls, the District Judge struck the evidence as irrelevant, found Hord guilty, and sentenced him to nine years in prison.

Hord appeals, contending (1) that the District Judge committed reversible error in striking the evidence regarding his addiction and (2) that the provisions of the Narcotics Addict Rehabilitation Act of 1966, 18 U.S.C. § 4251, that disqualify him from sentencing under that Act are unconstitutional.

* Honorable Harry Pregerson, United States District Judge, Central District of California, sitting by designation.

We find it unnecessary in this case to decide (1) whether or under what circumstances addiction to heroin may be such a "mental disease or defect" as is referred to in *Wade, supra,* or (2) when, and if so to what extent, the government must produce evidence to meet the "slight evidence" offered by the defendant when that evidence is sufficient to shift the burden of proof to the government.

 In this case the trial judge did err in striking the defendant's evidence; it was both relevant and competent. However, the error was harmless. The expert testimony offered by Hord was equivocal and speculative. Its net effect was that Hord could appreciate the wrongfulness of his conduct and conform it to the requirements of the law because he had had a "fix" and was therefore not subject to the pressure of withdrawal symptoms. The judge ruled that even if the evidence was relevant, it was insufficient to raise a reasonable doubt as to Hord's guilt. That determination was not erroneous. The objection as to the NARA provisions was not raised before the trial court and, therefore, cannot be raised on appeal.

Affirmed.