HOBSON, Judge.
Appellant was convicted and sentenced to five years imprisonment in the state penitentiary for possession of marijuana.
Appealing from her judgment and sentence, appellant questions the sufficiency of the search warrant which was executed by police officers and resulted in the seizure of marijuana at her dwelling house.
The affidavit, upon which the search warrant was based, was made on February 16, 1970, by E. A. Taylor, and recited that he had reason to believe and did believe that marijuana was being kept in a specified location. The facts tending to establish the grounds for the application for *129 search warrant and the probable cause of affiant believing that such facts exist are as follows:
Whereas the affiant has been a member of the Tampa Police Department for seven and one half years and has spent the last three years in the Intelligence Unit. During this time, the Affiant has conducted numerous narcotics investigations involving various types of illegal narcotic traffic, including the arrest of subjects for the possession of marijuana, heroin and other narcotic drugs.
On 16 February, 1970, the affiant personally met with a confidential informant in Tampa, Florida. This confidential informant is a self-admitted user of narcotic drugs. The affiant has known this confidential informant for a period of one year and personally knows him to be reliable. This said confidential informant is personally familiar with and knowledgeable concerning the use of narcotic drugs.
At this meeting, the confidential informant stated that during the period of 14, IS and 16 February 1970, he, the confidential informer was inside a residence located at 4219 East Cayuga Street which is within the corporate city limits of the City of Tampa, Florida, and did participate in a party where marijuana was used by all present. Said confidential informant stated that the marijuana was distributed by the occupants of the residence who identified themselves as Connie Tucker and Otha Favors. Said confidential informant further stated that a quantity of the drug marijuana was presently within the interior of the residence.
The affiant is personally familiar with the residence located at 4219 East Cayuga and has previously arrested the subjects known as Connie Tucker and Otha Favors for misdemeanors.
Relying on Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), appellant contends that the affidavit, which was based upon hearsay information of an unidentified informant, was insufficient because the judicial officer was not informed of 1) the underlying circumstances on which the affiant concluded that the informant was credible, and 2) the underlying circumstances on which the informant based his conclusion that the person whose residence was to be searched was engaged in criminal activity.
The affidavit in the case sub judice does not state that the informant had previously supplied accurate information to the law enforcement officers. But such an allegation is not essential when supported by other information. Ludwig v. State, Fla.App.1968, 215 So.2d 898; United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). Affiant did state that he had known the informant for a year and personally knew him to be reliable. He further stated that for the past seven and one half years affiant had conducted numerous narcotics investigations involving various types of illegal narcotic traffic, including the arrest of subjects for the possession of marijuana, heroin and other narcotic drugs; and that he was personally familiar with the residence to be searched and had previously arrested the suspects for misdemeanors. A policeman’s knowledge of a suspect’s reputation is a practical consideration upon which an officer or a magistrate may properly rely in assessing reliability of an informant’s tip. Harris, supra.
Affiant in the present case also stated that the informant was a self-admitted user of narcotic drugs. Admissions of criminal conduct is an additional reason for crediting the informant’s tip. Harris, supra.
The second prong of the Aguilar and Spinelli test of proof of probable cause has certainly been satisfied in this case. The underlying facts and circumstances from *130 which the informant drew his conclusions are briefly set forth in the affidavit. His statement revealed that he had been in the residence to be searched on the same day the search warrant was issued. Clearly, these facts were sufficient to enable a magistrate to determine that the informant was justified in concluding that there was a probability that marijuana was being kept in the premises to be searched.
Appellant’s contention that the State may not interfere with her right to possess marijuana in the privacy of her own home is without merit. The “private use” argument has been rejected by our State Supreme Court; Borras v. State, Fla.1969, 229 So.2d 244. See United States v. Drotar, 5th Cir. 1969, 416 F.2d 914.
The judgment appealed is therefore
Affirmed.
MANN, C. J., and McNULTY, J., concur.