**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Stephen SAWYER, Defendant-Appellant.**

**No. 73-1209
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1973.

Rehearing Denied Oct. 1, 1973.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

**664**

Paul R. Lawrence, Houston, Tex. (Court Appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Robert Darden, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

On September 25, 1972, appellant Charles Sawyer, pleaded guilty to a charge of unlawfully importing heroin in violation of 21 U.S.C. § 952(a) (1970).[1] Pursuant to the sentencing procedures set forth in the Narcotics Addict Rehabilitation Act (NARA), 18 U.S.C. § 4252 (1970),[2] he was committed to an institution in Milan, Michigan for observation in order to ascertain first, whether he was an addict and second, if so, whether he was likely to be rehabilitated through treatment.[3] C. J. Hughes, warden of the Milan Institution, subsequently reported to the trial judge that although Sawyer was an addict, it was unlikely that he would be rehabilitated by the NARA drug abuse program and

1. 21 U.S.C. § 952(a) (1970) :
   (a) It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I or II of subchapter I of this chapter, or any narcotic drug in schedule III, IV, or V of subchapter I of this chapter. . . .

2. 18 U.S.C. § 4252 (1970) :
   If the court believes that an eligible offender is an addict, it may place him in the custody of the Attorney General for an examination to determine whether he is an addict and is likely to be rehabilitat-

ed through treatment. The Attorney General shall report to the court within thirty days; or any additional period granted by the court, the results of such examination and make any recommendations he deems desirable. An offender shall receive full credit toward the service of his sentence for any time spent in custody for an examination.

3. 18 U.S.C. § 4253(b) (1970) :
   If, following the examination provided for in section 4252, the court determines that an eligible offender is not an addict, or is an addict not likely to be rehabilitated through treatment, it shall impose such other sentence as may be authorized or required by law.

that his presence might be detrimental to others in the program.

After receiving the Warden's letter, the trial judge ordered Sawyer to appear in court on January 15, 1973 and advised him that resentencing was set for January 17, 1973. On this latter date, Sawyer was resentenced to five years imprisonment with a special parole term of three years following the imprisonment pursuant to 21 U.S.C. § 960 (1970).[4] On appeal, Sawyer raises three contentions, each of which we deem to be without merit.

Sawyer's first contention is that 21 U.S.C. § 960 (1970), which provides for a 15 year maximum sentence, is arbitrarily and unreasonably discriminatory against him and others similarly situated. Premising his argument on the characterization of his importation as merely incidental to possession, he claims that discrimination inheres in the fact that addicts residing close to the border are more likely to be involved in importation for personal use and hence subject to stiffer penalties under 21 U.S.C. § 960 (1970) than addicts residing in the interior of the United States whose unlawful possession brings merely a one year sentence.[5] While his factual observation may be irrefutable, his legal conclusion is not, and hence we reject it.

Sawyer's second and equally unavailing contention is that the imposition of a sanction against him for importation violates the prohibition against cruel and unusual punishment in that it punishes him for a status, that of being a narcotics addict. A similar argument was offered and rejected in United States v. Drotar, 416 F.2d 914, 916–917 (5th Cir. 1969). We find no compelling reason to repudiate that conclusion in the instant case.

Sawyer's final contention is that he was denied due process at the sentencing phase of the trial. The thrust of this argument is that because the factual determination of guilt required to be made under 21 U.S.C. § 952(a) (1970) and the attendant sentencing under 21 U.S.C. § 960 (1970) presented issues distinct from those arising under 18 U.S.C. § 4252 (1970), he should have been accorded a full panoply of due process rights at the resentencing hearing, including confrontation of witnesses, reasonable notice and compulsory process under the Supreme Court's ruling in Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967).

Admittedly, the factual determination required to be made under the former statutes—whether the accused unlawfully imported heroin—does not coincide with the determinations required to be made under the latter statute—whether the accused is an addict, amenable to rehabilitation under NARA programs. Whether this difference alone renders Specht v. Patterson, *supra*, dispositive of Sawyer's due process contention need not, however, be decided, in this case, for here, Sawyer consistently maintained that he was not an addict and hence not eligible for the NARA treatment program in the first instance. Moreover, since the record is devoid of any evidence to suggest that Sawyer sought and was denied access to the warden's report at the resentencing hearing, we need not entertain this contention on appeal. *Cf.* United States v. Hord, 459 F.2d 1003, 1004 (9th Cir. 1972); United States v.

---

4. 21 U.S.C. § 960 (1970):
   (a) Any person who—
   (1) contrary to section 952, 953, or 957 of this title, knowingly . . .
   shall be punished as provided in subsection (b) of this section.
   Penalties.
   (b)(1) In the case of a violation under subsection (a) of this section with respect to a narcotic drug in schedule I or II, the person committing such violation shall be imprisoned not more than fifteen years, or fined not more than $25,000 or both. If a sentence under this paragraph provides for imprisonment, the sentence shall include a special parole term of not less than three years in addition to such term of imprisonment.

5. 21 U.S.C. § 844(a) (1970) provides for a year imprisonment term for simple possession of a controlled substance.

Carroll, 141 U.S.App.D.C. 178, 436 F.2d 272, 274 (1970).

The reasons set forth above, we affirm the judgment of the district court.

Affirmed.