## FISK v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 17, 1922.)

No. 3608.

1. **Criminal law** ⊙⇒824(10)—Request for charge as to credibility of convict is necessary.

Where accused objected to the testimony of a witness for the prosecution, who was then serving a penitentiary sentence, but made no request for a charge as to the credibility of such witness, he cannot complain of the court's failure to charge that the testimony of that witness, whom he then admitted to be competent, should be received with caution.

2. **Poisons** ⊙⇒9—Testimony of narcotic inspector held evidence sufficient to sustain conviction.

The testimony of a narcotic inspector for the Internal Revenue Department concerning sales made to him by accused is substantial evidence sufficient to sustain a conviction.

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Poisons ⊚⇒9—Evidence held to show completed sale, though money had not passed.**

Where the price for narcotic drugs had been agreed on between accused and an inspector, and the drugs delivered to the inspector and accepted by him, though he had not paid accused for the drugs at the time he placed him under arrest, there was a completed sale of the drugs, since, if the transaction had been a lawful one, the seller could have maintained an action for the contract price of the goods.

4. **Criminal law ⊚⇒37—Statements of defendant to officer before selling narcotics held to warrant entrapment.**

In a prosecution for violation of the Harrison Anti-Narcotic Law (Comp. St. §§ 6287g–6287q), statements made by accused to the federal inspector, prior to the purchase from accused by the inspector, relative to previous sales by accused, held sufficient to justify the inspector in attempting to make the purchase, so that accused could not rely on the defense of entrapment of an innocent person.

5. **Criminal law ⊚⇒829(4)—Requested charge covered by charge of court need not be given.**

In a prosecution for violating the Harrison Anti-Narcotic Law (Comp. St. §§ 6287g–6287q), it was not error to refuse a requested charge relating to the defense of entrapment, where that defense was fully covered in the charge of the court.

6. **Criminal law ⊚⇒815(4)—Requested charge held to overlook testimony for prosecution.**

In a prosecution for violating the Harrison Anti-Narcotic Law (Comp. St. §§ 6287g–6287q), a requested charge that it was undisputed that the government had introduced no evidence of sales other than that to an inspector was properly refused, as overlooking the fact that the prosecution was based on the sale to the inspector, and also overlooking his testimony as to statements by accused to him concerning other sales.

7. **Criminal law ⊚⇒827—Objection to cross-examination as to previous arrests held not request for charge that it should not be considered.**

An objection to a cross-examination of accused as to the number of times he had been arrested, on the ground that, if a witness had been charged with a crime and acquitted, it was improper to inquire into it, and the jury should not consider it for any purpose, was not a request for a charge that the jury should not consider such testimony, and, if it was a request for such a charge, there was at that time no testimony to which the charge could relate, since the question had not been answered.

8. **Witnesses ⊚⇒350—Cross-examination as to previous arrest of defendant held proper.**

Where defendant, accused of violating the Harrison Anti-Narcotic Law (Comp. St. §§ 6287g–6287q), had testified on direct examination that this was his first arrest for any kind of business like that, though he admitted he had been convicted for a violation of the Prohibition Law, it was within the discretion of the court to permit the district attorney to cross-examine accused on the same subject-matter, by inquiring whether he had been arrested more than once during the preceding two years.

9. **Witnesses ⊚⇒351—Denying immoral conduct cannot be impeached as to collateral matters.**

A witness for the government in a prosecution for a violation of the Harrison Anti-Narcotic Law (Comp. St. §§ 6287g–6287q), who denied intimacy with a negro woman, could not be impeached by a contradiction of such denial, since it was purely a collateral matter.

10. **Criminal law ⊚⇒1170(4)—Exclusion of evidence under misapprehension of purpose held cured by subsequent admission.**

Where accused, charged with a violation of the Harrison Anti-Narcotic Law (Comp. St. §§ 6287g–6287q), sought to cross-examine a witness as to his intimacy with a negro woman, for the purpose of showing where the witness kept his narcotics, which testimony was excluded by the court

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

under misapprehension as to its purpose, but accused was later permitted by the court to cross-examine in reference to that fact, there was no abuse of the trial court's discretion to the prejudice of accused.

11. **Criminal law ☞417(8)—Conversations between officers held admissible to show good faith in entrapping defendant.**

In a prosecution for a violation of the Harrison Anti-Narcotic Law (Comp. St. §§ 6287g–6287q), testimony of communications made by one revenue officer to another on which, in connection with his own information, the latter officer acted in making a purchase of the narcotics from defendant, was admissible to show the good faith of the officers in entrapping defendant to commit the offense.

12. **Criminal law ☞841—Exception to charge must be made before jury retires.**

The purpose of an exception to the charge is to direct the court's attention to the specific part of the charge claimed to be erroneous, and such exception must be made before the jury retires, so that the court can consider the question presented, and have an opportunity to correct its charge and avoid a mistrial.

13. **Criminal law ☞1038(1)—Charge not reviewed, where just presented in reviewing court or on motion for new trial, except for error vital to defense.**

A reviewing court will not consider an objection to the charge, made for the first time, either in the reviewing court or on motion for a new trial, unless it shall appear that the errors in the charge are of such a serious and substantial nature in matters vital to the defense as to produce a miscarriage of justice.

In Error to the District Court of the United States for the Western Division of the Western District of Tennessee; Clarence W. Sessions, Judge.

E. S. Fisk was convicted of violating the Harrison Anti-Narcotic Law, and he brings error. Affirmed.

Wm. R. Harrison, of Memphis, Tenn., for plaintiff in error.

Thomas J. Walsh, Asst. U. S. Atty., of Memphis, Tenn., for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. At the November term of the United States District Court for the Western District of Tennessee, an indictment containing four separate counts was returned against the plaintiff in error, E. S. Fisk. Each count charges him with a violation of the Harrison Anti-Narcotic Law (Comp. St. §§ 6287g–6287q).

The first count charges the defendant with selling to A. J. Anderson ten ounces of morphine and five ounces of cocaine without having registered with the collector of internal revenue of the United States, and without having paid the special tax required by law. The second count charges the defendant with selling to the same person two ounces of morphine and ten drachm bottles of cocaine. The third count charges the defendant with selling to A. J. Anderson ten ounces of morphine and five ounces of cocaine, not in pursuance of a written order of the said A. J. Anderson on a form issued in blank for that purpose by the Commissioner of Internal Revenue for the United States, the defendant not then and there being a physician, dentist, or veterinary surgeon, registered under the aforesaid act of Congress. The fourth count charges the defendant with engaging in the business of selling, dispensing, and distributing morphine and cocaine without

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

having theretofore registered with the collector of internal revenue of the United States, and without having paid the special tax required by law.

Upon the trial of the cause, the District Court instructed the jury that the first and second counts related to the same transaction and directed the jury to disregard the first count. The defendant was found guilty upon the second, third, and fourth counts and sentenced accordingly.

[1] It is admitted by counsel for plaintiff in error that the court did not err, as claimed in the first assignment of error, in admitting in evidence the testimony of the witness, Harris, who was then serving a sentence of four years at hard labor in the Mississippi state penitentiary. Rosen v. U. S., 245 U. S. 467, 38 Sup. Ct. 148, 62 L. Ed. 406; Rosen v. U. S., 237 Fed. 811, 151 C. C. A. 52, but it is now insisted that the court should have instructed the jury that the testimony of this witness should be received with caution, and disregarded entirely unless corroborated by other evidence. No request to so charge was made by the defendant, and no exception was taken to the charge of the court for failure to give such instruction. Therefore that question is not presented by this record.

[2] The second, third, and fourth assignments of error are based upon the overruling of defendant's motion for a directed verdict on the ground that there is no substantial evidence to sustain a verdict of guilty. There is in this case, as in practically all cases, a conflict of evidence; but it cannot be said that the testimony of Anderson, a narcotic inspector for the Internal Revenue Department, is not substantial evidence tending to prove each and every material allegation in the several counts of this indictment.

[3] The claim of defendant in error that the evidence failed to show a completed sale is merely technical. The price had been agreed upon, and the drugs delivered by the defendant to Anderson, accepted by him, and were then in his possession and under his control. True, Anderson had not yet paid the defendant the price agreed upon, at the time he placed him under arrest. Nevertheless, if the drugs sold and delivered had been commodities of lawful or unrestricted commerce, the seller, upon this state of facts, could have maintained an action for the contract price of goods sold and delivered to the buyer.

The motion of the defendant for a directed verdict was also based upon the defense of entrapment. In the case of Billingsley v. U. S., 274 Fed. 89, this court has fully discussed the question of entrapment, and it is unnecessary to repeat here what was said on that subject in the opinion in that case.

[4] There is much substantial evidence in this record tending to show that the government officers were acting in good faith, upon reasonable information, in an effort to detect crime, and not to induce its commission. But if there was no evidence in this record tending to prove these facts, other than the evidence of Mr. Anderson in reference to the conversation he had with the defendant shortly prior to the transaction upon which this prosecution is based, that evidence alone would be amply sufficient to warrant the jury in finding, not only that

the officers had reasonable grounds to believe that the defendant was engaged in this unlawful business, but also that he was in fact engaged, not occasionally, but generally, in making unlawful sales of morphine and cocaine. This conversation preceded the transaction upon which this prosecution is based, and therefore necessarily preceded the alleged entrapment of the defendant. If the jury believed Anderson's testimony in reference to this conversation and particularly his testimony as to the statements made to him by the defendant in the course of this conversation touching the defendant's prior activities in the sale of narcotic drugs, and his method of conducting such sales and protecting himself from arrest and prosecution, it would logically follow that the defense of entrapment would be without merit, and there being no claim that the defendant was a physician, or that he had registered with the collector of internal revenue of the United States and paid the special tax required by law, the sale to Anderson would be unlawful. On the other hand, if the jury had believed the evidence of the defendant and disbelieved the evidence of Anderson, it would, undoubtedly, have returned a verdict of acquittal.

[5] It is also claimed that the court erred in refusing to give in charge to the jury the third request of the defendant. This request also related to the question of entrapment, and the conflict of evidence as to what actually occurred immediately preceding and at the time of the alleged sale. This request is fully covered in the charge of the court.

[6] The charge of the court in reference to the fourth count of the indictment, upon the return of the jury into court and its request for further instructions, clearly states the law in relation to that offense. The request of the defendant, made at that time, that the court instruct the jury that it is an undisputed fact that the government has not introduced any evidence of any other sales than the one that is claimed by the government to have been made to Anderson, overlooks the fact that the prosecution is based upon this sale to Anderson, and also overlooks the testimony of Anderson in regard to the statements and admissions made by Fisk to this witness shortly prior to the actual sale of these drugs to Anderson. Therefore this request was properly overruled.

[7] The seventh assignment of error is based upon an alleged failure of the court to charge the jury at defendant's request during his cross-examination that it should not consider for any purpose evidence that the defendant had been charged with other offenses. The record contains no such request to charge. On cross-examination Mr. Fisk was asked: "Have you been arrested more than once during the last two years?" Thereupon Mr. Harrison, counsel for the defendant, interposed with a statement to the effect that, if a witness had been charged with a crime and acquitted, it is improper to inquire into it, and a jury should not consider it for any purpose.

There is nothing in this language that would indicate to the court that counsel was then requesting it to charge in line with his claim as to the legal effect of evidence tending to establish that the witness had been charged with crime, but acquitted of the charge. It was merely a statement of the reasons upon which counsel based his objection to

the question. Even if it were possible to construe this as a request to charge the jury, then and there, upon this subject, no evidence at that time had been introduced tending to establish that the witness had been arrested or convicted of any crime other than as testified to by himself upon direct examination.

[8] The objection to the question was properly overruled. The defendant, upon direct examination, testified that "this was my first arrest, and first attempt at any kind of business like that." He also testified that he had been once arrested and convicted for a violation of the National Prohibition Law (41 Stat. 305). Having voluntarily opened up this inquiry, it was clearly within the discretion of the court to permit the district attorney to cross-examine the defendant upon the same subject-matter. It further appears from the record that after the cross-examination no objection was made to the answers, and the court was not requested to instruct the jury as to the purposes, if any, for which the jury could consider the same.

[9] It is also assigned as error that the court improperly limited counsel for defendant in his cross-examination of the witness Harris, particularly in reference to whether the witness was intimate with a certain negro woman, who at that time lived on Welling street in the city of Memphis. Before an objection was interposed to this question, the witness answered that he was not. This, of course, was the end of that inquiry, even though it were conceded that the credibility of the witness could be impeached in this manner. It was purely collateral to the issue on trial, and counsel was bound by the answer of the witness. Hanover Fire Ins. Co. v. Dallavo (C. C. A.) 274 Fed. 258.

[10] The trial court evidently misapprehended the purpose of this cross-examination, and was, perhaps, a little too impatient with counsel in reference thereto; but we do not think the remarks of the court in that connection constitute reversible error, particularly in view of the fact that it then was, and still is, the claim of counsel for plaintiff in error that the purpose of this cross-examination was to show where this witness kept his morphine and cocaine while in Memphis. As soon as this was made clear to the court, counsel was permitted to cross-examine in reference to that fact, and in response to such further cross-examination the witness testified that he kept whatever morphine and cocaine he had while in Memphis in the hotel where he stopped, and that during the time he was in Memphis he stopped either at the Peabody or Chisca Hotel, and that the registers of these hotels would show the truth of that statement. It would therefore appear that the defendant had the full benefit of the information that his counsel stated he was seeking to secure by this cross-examination. Therefore the court did not abuse its discretion in that respect. Robinson v. Van Hooser, 196 Fed. 620, 116 C. C. A. 294; Memphis St. Ry. Co. v. Bobo, 232 Fed. 708, 712, 146 C. C. A. 634.

[11] A number of assignments of error are directed to the admission of the testimony of Anderson and Harris in reference to communications made by Harris to Anderson, upon which information, in connection with his own knowledge of the reputation of the defendant, Anderson based his opinion that Fisk was engaged in the unlawful sale

279 F.—2

of narcotic drugs. This evidence was offered, and admitted by the court, as tending to prove that these officers were acting in good faith, in the honest belief, based upon reasonable information, that the defendant was engaged in the unlawful business of which the offense charged in the indictment is but a continuation, and that the purpose of the entrapment was, not to induce an innocent man to commit a crime, but rather to secure evidence upon which the guilty might be convicted and punished. This information, upon which is based the belief of the officers as to the guilt of the defendant, may be and usually is of a character wholly insufficient to convict the defendant of any specific offense. If it were sufficient for that purpose, then recourse to entrapment would be useless and inexcusable. Billingsley v. U. S., supra. For the reasons above stated the admission of this evidence was not erroneous.

There is also an assignment of error based upon a purported exception to the charge of the court. The record fails to show that any exceptions were taken to the charge other than the exception to the refusal of the court to charge as requested in relation to the fourth count of the indictment, when the jury returned into court and requested further instruction upon that count, and also exceptions to the refusal of the court to give defendant's request before argument.

[12] The purpose of an exception to a charge is to direct the attention of the court to the specific part of the charge that is claimed to be erroneous. This exception must be made before the jury retires, so that the court may have full opportunity to consider the question presented, and if, in its opinion, the charge in the particulars to which exceptions are taken does not properly state the law, it can then have full opportunity to correct that error and avoid a mistrial. U. S. v. Fidelity Co., 236 U. S. 512, 529, 35 Sup. Ct. 298, 59 L. Ed. 696.

[13] A reviewing court, therefore, will not consider an objection to a charge made for the first time either in the reviewing court or upon motion for a new trial, unless it shall appear that the errors in the charge are of such a serious and substantial nature, in matters vital to the defense, as to produce a miscarriage of justice. Crawford v. U. S., 212 U. S. 183, 194, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392; Gardner v. U. S., 230 Fed. 575, 144 C. C. A. 629; Tucker v. U. S., 224 Fed. 833, 841, 140 C. C. A. 279. This charge is not of this nature. On the contrary, it appears that it properly states the law applicable to the questions involved in this action.

For the reasons above stated, the judgment of the District Court is affirmed.