## BARNETT v. UNITED STATES.

### No. 11954.

United States Court of Appeals Ninth Circuit.

Jan. 3, 1949.

Rehearing Denied Feb. 15, 1949.

Dailey & Conroy, of Everett, Wash., for appellant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Harry Sager, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before STEPHENS and ORR, Circuit Judges, and HARRISON, District Judge.

HARRISON, District Judge.

Appellant, an attorney, was convicted by a jury under Count I of the indictment of selling certain narcotics, and under Count II of conspiracy to sell the same narcotics contrary to the provisions of 26 U.S.C.A. § 2554(a).

The facts disclose that the appellant met his co-defendants, Macartney and Douglas, while said co-defendants were confined in jail and there agreed to undertake the sale of 1,000 grains of contraband narcotics for $10,000 or $10 per grain. It was further agreed that the proceeds were to be split three ways. In furtherance of the agreement the appellant obtained the narcotics and undertook to sell them to an addict

---

[1] See United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283.

without success. The narcotic agents learning of the attempted sale contacted appellant through an informer addict. An offer of $6 per grain was made for the narcotics, which, after some hesitancy, was accepted, whereupon an appointment was made to meet the appellant at his law office for the purpose of consummating the sale. The appointment was kept and the addict introduced Narcotic Inspector Goode to the appellant as the man who had the money to buy the narcotics. The price of $6,000 was agreed upon between Goode and the appellant. Goode asked to see the narcotics. The appellant left the room and shortly thereafter returned with a cigar box containing the narcotics and said: "Here is the box of narcotics", and placed them upon the table. Goode then testified as follows: "I looked at the bottles in the cigar box, and I had taken one of the morphine grains. He (Barnett) got a piece of Kleenex, and I poured them on the desk and I says: 'Well, it looks like all the tablets are here. I will take it.'" Thereupon, Goode disclosed his identity and placed appellant under arrest.

Appellant contends that the foregoing facts fail to disclose a completed sale and that his motion for an instructed verdict on Count I of the indictment should have been granted.

■ Appellant claims that the sale was not completed because the evidence fails to disclose delivery. The law appears quite clear that a sale of this character is not complete unless either the purchase price has been paid or the property delivered.[1] Conceding the purchase price was not paid, the case therefore resolves itself down to the question of whether the evidence was sufficient to submit the case to a jury on the issue of delivery.[2]

■ The evidence discloses that **Goode** had possession of the box of narcotics, had taken one of the morphine quarter grains and examined the balance and had completed the transaction by stating that he would take them. If this was not actual possession it was constructive possession and delivery. The facts in this case coincide very closely with the facts in Hammer v. U. S., 2 Cir., 249 F. 336, which has heretofore been cited with approval by this Court, and is in full accordance with Williston on Sales, Rev.Ed.(1948).[2] Stating it in another way, there was only one further step for Goode to take to close the transaction and that was to pay over the $6,000. If there was but one step for Goode to take, then the natural inference would be that delivery had been made. "The claim of defendant in error that the evidence failed to show a completed sale is merely technical."[3]

The trial court properly instructed the jury that before the appellant could be convicted under Count I of the indictment, it must find that the appellant delivered said narcotics to Goode. The verdict of the jury in effect found that delivery had been made and we see no reason why its verdict should be disturbed.

■ Appellant claims error in the admisson into evidence of conversations his co-defendants, Macartney and Douglas, had in his absence. This evidence was limited to the conspiracy count and the jury was carefully so instructed. This evidence was properly admitted. It is the well recognized law of conspiracy that every act or declaration of each member of a conspiracy, done or made in furtherance of said conspiracy is considered the act and declaration of all the conspirators and is evidence against each of them.[4]

The judgment is affirmed.

---

[1] Hammer v. U. S., 2 Cir., 249 F. 336; Fisk v. U. S., 5 Cir., 279 F. 12; Reyff v. U. S., 9 Cir., 2 F.2d 39; Ahearn v. U. S., 9 Cir., 3 F.2d 808.

[2] Williston on Sales, Rev. Ed. (1948), Vol. 2, p. 13, 330; Vol. 3, p. 30, 31; Dows v. National Exch. Bank, 1 Otto 618, 91 U.S. 618, 23 L.Ed. 214; Ginocchio v. Kockos, 7 Cir., 18 F.2d 193, 195.

[3] Fisk v. U. S., 5 Cir., 279 F. 12, 15.

[4] Van Riper v. U. S., 2 Cir., 13 F.2d 961.