**John Henry WILLIAMS and Henry Dennis Stamp, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 21500.**

United States Court of Appeals Ninth Circuit.

July 19, 1967.

James T. Bialac, Phoenix, Ariz., for appellants.

Edward E. Davis, U. S. Atty., Lawrence Turoff, Morton Sitver, Asst. U. S. Attys., Phoenix, Ariz., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and MATHES, District Judge.

MERRILL, Circuit Judge:

Appellants, convicted of transportation and concealment of heroin in violation of 21 U.S.C. § 174, have appealed judgment of conviction. Upon their assignments of error we rule as follows:

 1. The evidence was sufficient to support the jury verdict. Although appellants' codefendant was the only one proved to have been in actual, physical possession of the heroin, the evidence was sufficient to establish joint venture.

 2. Failure of the court to strike testimony respecting the field test of the heroin for lack of sufficient foundation was, in absence of motion to strike, not plain error. The nature of the substance in any event was later proved by competent expert testimony.

 3. The custody of the heroin exhibit, while inexcusably lax and subject to court criticism on that ground, did not here result in such absence of control as to render the exhibit inadmissible as matter of law. See Gallego v. United States, 276 F.2d 914 (9th Cir. 1960). Nor did the discrepancy in description of the substance by two witnesses ("white" in one instance; "tan" or "light tan" in another) render it inadmissible. The court did not exclude the possibility of tampering, but properly left the question with the jury as bearing on reasonable doubt of guilt.

 4. The admission of evidence from the brief interrogation of appellants and their codefendant shortly before the events leading to arrest (on which occasion certain false statements were made) was not, for lack of warnings, error under Miranda v. State of

Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellants were not under custodial restraint or deprived of freedom of action in any significant way.[1] The interrogating officers did not stop appellants. Appellants voluntarily stopped their car for their own purposes after a suspiciously erratic driving performance which had been observed with curiosity by the officers. The following interrogation took the pattern of a routine border control check for entering aliens, and appellants freely left on its conclusion. The fact that the officers had entertained an unexpressed intention to detain appellants had they compounded suspicion by refusing to answer and attempting to run does not amount to detention.

Judgment affirmed.

Affirmed.

---

1. It is only during "custodial interrogation" that the system of warnings delineated by the Supreme Court in *Miranda* comes into play. The Court said:

   "By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." 384 U.S. at 444, 86 S.Ct. at 1612.