**Charles Lee STREETS, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent-Appellee.**

No. 28604.

United States Court of Appeals, Fifth Circuit.

Dec. 11, 1970.

George D. Gold, Miami, Fla., for petitioner-appellant.

Earl Faircloth, Atty. Gen., of Florida, Tallahassee, Fla., Harold Mendelow, Melvin Grossman, Asst. Attys. Gen., Miami, Fla., for respondent-appellee.

Before BROWN, Chief Judge, WISDOM and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

This appeal raises the issue of whether appellant's plea of guilty was entered voluntarily.

In 1957 Charlie Lee Streets was charged with forcible rape. Initially Streets pled not guilty by reason of insanity, but prior to the trial the plea was changed to guilty, resulting in a 99 year sentence by the state trial judge. In 1969, pursuant to an order from this court,[1] the district judge held an evidentiary hearing for the purpose of determining whether the guilty plea was coerced. At the hearing Appellant Streets presented testimony that he had a low level of intelligence; that he was given to impulsive behavior; that his attorney had falsely promised the prison term would not exceed 10 years if the plea of not guilty was withdrawn; and that the guilty plea was chosen only after appellant's mother and sister came to his jail cell and made an emotional appeal in favor of pleading guilty. On the other hand, the government's witnesses denied any promises concerning the length of the prison sentence and testified that both the prosecution and defense considered the evidence of rape overwhelming and the likelihood of conviction almost certain were Streets to abide by his original plea of not guilty. Additional testimony, considered in the light most favorable to the government,

tended to show that Streets was aware of the consequences of pleading guilty. At the conclusion of the hearing the district court found the plea was voluntarily made and dismissed the writ of habeas corpus.

Streets appeals the dismissal by arguing that his feeble mental condition together with the totality of coercive circumstances surrounding the change of plea rendered the plea involuntary. We cannot agree. The Supreme Court has recently defined the standard as to the voluntariness of guilty pleas in Brady v. United States, 1970, 397 U.S. 742, 90 S. Ct. 1463, 25 L.Ed.2d 747.

> " '[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).' "[2] 397 U.S. 742 at 755, 90 S.Ct. 1463 at 1472, 25 L.Ed.2d 747 at 760.

Applying this test and recognizing that the question of voluntariness is a factual determination which may not be overturned unless clearly erroneous[3] we cannot say the district court committed error in finding the plea voluntary. The judgment is therefore

Affirmed.

1. Streets v. Wainwright, 5 Cir., 1968, 402 F.2d 87.

2. The Court was quoting from Judge Tuttle of the Fifth Circuit Court of Appeals in Shelton v. United States, 5 Cir., 1957, 246 F.2d 571, 572, N. 2 (en banc), rev'd

on confession of error on other grounds 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 1958.

3. See, e. g., Kennedy v. United States, 5 Cir, 1957, 249 F.2d 257.