**UNITED STATES of America,**
**Appellee,**

v.

**Gary Howard KELLERMAN, Appellant.**

**No. 106–69.**

United States Court of Appeals,
Tenth Circuit.

Sept. 28, 1970.

Rehearing Denied Jan. 15, 1971.

Gerald E. Kamins, Tulsa, Okl., for appellant.

Before HICKEY * and HOLLOWAY, Circuit Judges, and EUBANKS, District Judge.

HOLLOWAY, Circuit Judge.

Appellant was convicted by a jury verdict on 8 of 9 counts of an indictment for violation of the Federal marijuana and drug laws. Count 1 was dismissed at trial for lack of evidence. On counts 2, 3, 4 and 6 appellant was convicted of unlawfully transferring marijuana not in pursuance of a required written order, in violation of 26 U.S.C.A. § 4742(a). On count 7 he was convicted of acquiring marijuana without payment of the required tax, contrary to 26 U.S.C.A. § 4744(a). On counts 5 and 8 he was convicted of unlawful sale and delivery of LSD in violation of 21 U.S.C.A. § 331(q) (2). The conviction on count 9 was for possession of LSD for the purpose of sale, contrary to 21 U.S.C.A. § 331(q) (3). The pertinent facts concerning the offenses ,will be dealt with in discussion of appellant's contentions on appeal.

First, appellant argues that the Fifth Amendment privilege against self-incrimination barred his prosecution on count 7 for unlawful possession as a transferee of marijuana. The contention is supported by Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94, decided after appellant's trial.[1] The constitutional defense was timely asserted by motions before the trial and during trial so as to preserve the issue in accordance with the requirements of the Leary and Covington cases.[2] The Government ar-

Nathan G. Graham, Asst. U. S. Atty., Tulsa, Okl. (Lawrence A. McSoud, U. S. Atty., and Robert P. Santee, Asst. U. S. Atty., on the brief), for appellee.

---

\* Hickey, Circuit Judge, heard the argument of the case but, by reason of his death, did not participate in the decision.

1. Cultivation, sale or possession and similar acts relating to marijuana are unlawful in Oklahoma and subject to criminal penalties, which also applied at the time of the offenses. 63 Oklahoma Statutes Annotated § 451.

2. The constitutional defense was directed at both the transferor and the transferee—possession offenses. There is no assertion by the Government that the defense was not timely raised.

gues that we should not apply such principles retroactively. However, we have upheld the Fifth Amendment objection where it was timely raised and where the conviction had not become final before the *Leary* and *Covington* decisions. See United States v. Freeman, 412 F.2d 1180 (10th Cir.). Accordingly the conviction and sentence as to count 7 must be set aside.

██ Secondly, appellant also directs his Fifth Amendment contention against the convictions on counts 2, 3, 4 and 6. These offenses were for unlawful transfer of marijuana. The constitutional objection as applied to the offense of transfer of marijuana was considered and rejected in Buie v. United States, decided with Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283. See also United States v. Priest, 419 F. 2d 570 (10th Cir.). Appellant says that the Fifth Amendment privilege applies particularly to circumstances involving sale to a Federal undercover agent. In dealing with similar circumstances in the *Buie* case the Court reasoned that such prospective buyers have either failed to register or cannot register because their dealings are illicit; and since the buyers cannot comply with the statute, to observe the law the seller's only alternative is not to sell and so " * * * the alleged possibility of incrimination is purely hypothetical." 396 U.S. at 97, 90 S.Ct. at 289.[3] Thus appellant's Fifth Amendment contention is untenable as applied to counts 2, 3, 4 and 6.

Third, it is argued that appellant's Fifth Amendment defense as to count 7 extends to other counts at the trial because of denial of severance. In substance the argument is one merely of improper joinder and refusal to sever. Two motions to sever were made before trial and denied. Appellant says that the jury was permitted to cumulate evidence on the separate counts, strengthening the Government case on counts where its proof was insufficient or weak, and prejudicing the defense. The issue requires a brief statement concerning the proof at trial.

The Government case included testimony by Federal undercover agents Blanton and McCullough. The count 2 transfer offense was described by Blanton as occurring at a Tulsa motel on July 30, 1968, where appellant sold him one kilo of greenish-brown substance identified later as marijuana. Later that afternoon Blanton again bought from appellant some similar material, identified at trial as marijuana, which purchase was the basis of count 3. The transactions which are the basis of counts 4 and 5 occurred on August 7, and Blanton was the purchaser in both. On that date appellant sold Blanton five tablets and three plastic bags of material, later identified respectively as LSD and marijuana.

Counts 6, 7, 8 and 9 are based on transactions on August 9, 1968. Appellant then met Blanton and McCullough at Tulsa again. Blanton and appellant discussed prices for marijuana, LSD tablets and a quantity of hashish and agreed on a total price of $1100 for the goods. The items were handed over and Blanton took out a $10 bill and then arrested appellant.

██ Rule 8(a) permits joinder of counts for offenses of the same or similar character or based on the same act or transaction or two or more acts or transactions connected together or constituting parts of a common scheme or plan. Here the violations of the marijuana and drug laws were of such similar character. LSD, marijuana and hashish sales occurred together in some instances. The same parties—appellant and Blanton—were primarily involved. Thus, the joinder came within the ambit of Rule 8(a). Rule 14, F.R.Crim.P., permits relief from prejudicial joinder as a matter of discretion of the trial court.

---

3. Appellant argues that the Federal undercover agents were exempted from the order form requirements under 26 U.S. C.A. § 4742(b), (4). The proposition is untenable because the exemption is confined to Government agents lawfully engaged in making purchases for defined purposes, not including undercover buys.

However there was distinct proof on the separate counts and a proper charge as to the separate consideration thereof. No prejudice from denial of severance was shown, as Rule 14 requires. United States v. McGee, 402 F.2d 434 (10th Cir.), cert. denied, 394 U.S. 908. The trial court's ruling was no abuse of discretion and will not be disturbed. See United States v. Rodgers, 419 F.2d 1315 (10th Cir.); and Miller v. United States, 410 F.2d 1290 (8th Cir.), cert. denied 396 U.S. 830, 90 S.Ct. 81, 24 L. Ed.2d 80.

 In connection with the joinder issue appellant says the proof on counts 6 through 9 was deficient. The evidence has been outlined above. We conclude that the Government proof was sufficient, viewing it in the light most favorable to the prosecution together with reasonable inferences that may be drawn therefrom, as we must in view of the jury verdict. United States v. Weiss, 431 F.2d 1402 (10th Cir.). We note that payment of the $1100 mentioned above was not made. However, the price was agreed upon and the marijuana, hashish and LSD were delivered, making the illicit transaction complete for the purpose of prosecution. 26 U.S. C.A. § 4761(4); 21 U.S.C.A. § 331(q) (2); Barnett v. United States, 171 F.2d 721 (9th Cir.); Fisk v. United States, 279 F. 12 (6th Cir.).[4]

 Fourth, appellant complains that he was prejudiced and denied due process by admission of inflammatory testimony over his objection. He says that proof on count 1 was before the jury and prejudicial to him and that there should have been an admonition to disregard it. In the jury's presence the trial court excluded the exhibit consisting of the material pertaining to count 1, stating that there was "No proof that this defendant sold this to anyone." In the charge the trial court told the jury that the court had dismissed count 1. In instructing the jury on all the remaining counts they were specifically discussed and the essential elements of them were spelled out. Moreover, the transaction premising count 1 was separate from the other transactions, and this count alleged delivery of marijuana by appellant to a third party not involved in any other counts. In view of the circumstances and the instructions given we conclude there was no prejudice which would constitute reversible error.

 Further complaint is made of admission of testimony of Blanton that at one meeting appellant rolled what appeared to be a marijuana cigarette. The agent observed the material and was handed the cigarette to have a puff, but did not inhale the smoke. In view of all the convincing proof that material sold at the time was marijuana, even if admission of the testimony was error we are satisfied beyond a reasonable doubt that it was harmless. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705. The agent was also permitted to testify about appellant's statements on having gone into the drug business as a profession; the lack of police activity; and profits to be made on resale of such items. The statements were admissions, germane to the offenses and closely related in time to the transactions involved in counts 2 and 3, and were properly received. Hill v. United States, 261 F.2d 483, 489 (9th Cir.); Wolstein v. United States, 80 F.2d 779, 780 (8th Cir.); and see Gulotta v. United States, 113 F.2d 683, 686 (8th Cir.). Related testimony that appellant also offered to sell opium and hashish was stricken and

4. In connection with appellant's several contentions relating to joinder an additional assertion of denial of due process is made. Relying on Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210, appellant argues that the delay in his arrest until the series of transactions was completed was so unfair and prejudicial as to constitute a denial of due process. We feel it clear on this record that no such constitutional claim can be asserted in view of the arrest within two weeks of the commencement of the series of offenses and prompt trial within three months thereafter. This case is plainly distinguishable from the *Ross* case.

the jury admonished to disregard it. We conclude that the trial court's rulings on all such testimony complained of were not reversible error.

 Fifth, appellant contends that the trial court erred in excluding expert testimony by a chemist appearing for him. The witness indicated he would say the material was marijuana but that a chromatology test not performed would be necessary to determine the presence of the active ingredient dangerous to human beings. The only issue was whether the material sold by appellant came within the statutory definition of marijuana, which was proved. The degree of potential harm or lack thereof is no defense, and the trial court properly excluded testimony bearing on such a theory.

Lastly, appellant argues that the sentences imposed were excessive and amounted to cruel and unusual punishment contrary to the Eighth Amendment. On counts 2 and 3, consecutive 10-year sentences were imposed; on the remaining counts the sentences imposed were made concurrent to those on counts 2 and 3 and ranged from one to ten years, the trial court indicating that reduction of sentences would be considered under Rule 35.[5] As to counts 2, 3, 4 and 6, the statutes bar suspended sentences and probation. The convictions were for a first offense by appellant, the record reflects. However, the pyramiding of offenses growing out of a single transaction involving violations of the marijuana and drug laws has been sanctioned. Smith v. United States, 273 F.2d 462, 467 (10th Cir.), cert. denied, 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729. The sentences are within the range prescribed by a valid statute and may not be reviewed by us. Smith v. United States, supra; Jones v. United States, 323 F.2d 864 (10th Cir.). More-

over, the statutory penalties constitute no violation of the Eighth Amendment. Smith v. United States, supra; Jones v. United States, supra; United States v. Ward, 387 F.2d 843 (7th Cir.); United States v. Drotar, 416 F.2d 914 (5th Cir.). Therefore, the objections relating to the sentences are without support.

The record reveals a fair trial and ample evidence to support the convictions as to all counts, except that the conviction on count 7 is invalid under Leary v. United States. Accordingly, the convictions are affirmed as to all counts except count 7; the conviction and sentence on count 7 are set aside; and the case is remanded for further proceedings and dismissal of the indictment as to count 7.

---

5. On counts 4 and 6, 10-year sentences were imposed. On counts 5, 8 and 9, 1-year sentences were imposed. And on count 7 a 2-year sentence was given. The trial court stated that the sentences would be reconsidered within the time provided by Rule 35 F.R.Crim.P., under which sentences may be reduced within 120 days after sentencing, or after receipt of the mandate of the Court of Appeals, and within other time limits.