**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alberto QUINONES–GONZALEZ,**
**Defendant-Appellant.**

**No. 71–1244.**

United States Court of Appeals,
Tenth Circuit.

Dec. 27, 1971.

Michael P. Watkins, Asst. U. S. Atty., Albuquerque, N. M., for plaintiff-appellee.

Thomas B. Root, Albuquerque, N. M., for defendant-appellant.

Before PICKETT, HILL and DOYLE, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal by Gonzalez from a conviction for violation of the Dyer Act, 18 U.S.C. § 2312. The principal assignment of error is the admission in evidence of incriminating statements and

confessions of guilt made to local police officers and an F.B.I. agent at Clovis, New Mexico.

The facts as to the theft of the motor vehicle and the interstate transportation are not in dispute. On December 17, 1970, while in the employ of a gasoline service station in Detroit, Michigan, Gonzalez took a customer's Mustang automobile and disappeared. The next evening, Gonzalez and a companion, both heroin addicts, apeared at a hospital in Clovis, New Mexico requesting treatment for relief from heroin withdrawal pains. They were both given treatment. The police were notified by hospital authorities. When the police arrived, Gonzalez was uncomfortable and in some pain, but it had not been necessary for the hospital authorities to restrain him as had been the case with respect to his companion. Upon inquiry, Gonzalez told the policemen that he was from Detroit, Michigan and identified the Mustang automobile as the car he had used in making the trip. An investigation by the officers disclosed that the automobile had been stolen the day before in Detroit, Michigan. The officers then returned to the hospital, arrested Gonzalez and his companion, and removed them to the city jail.

After being fully advised of his rights, Gonzalez admitted the theft of the Mustang in Detroit and its transportation to New Mexico. On the following morning he was interviewed by an agent of the F.B.I. who again meticulously advised him of his rights, after which Gonzalez signed the conventional waiver of rights form. He again admitted that he stole and transported the automobile from Detroit to Clovis.

Prior to trial and after a full and complete evidentiary hearing the court denied a motion to suppress these confessions and incriminating statements. In substance, the basis for the motion was that when the incriminating statements were made, Gonzalez was under extreme duress due to his heroin withdrawal condition, and was not sufficient-ly in possession of his mental and physical faculties to make a voluntary confession.

It is first argued that the statement Gonzalez made to police officers with reference to his having traveled from Detroit, Michigan to Clovis, New Mexico in his Mustang automobile should have been suppressed because at the time of the interrogation no warnings of his constitutional rights had been given. When these questions were asked, Gonzalez was not suspected of transporting a stolen motor vehicle, was not under arrest nor in custody, and as far as the officers were concerned, had complete freedom of movement. The interest of the officers was at the time limited to a possible narcotics violation.

■ The general "on the scene" questioning of citizens by police officers in the fact-finding stage of an investigation of a possible crime, as was done in this case, is not condemned by the rule of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See United States v. Chadwick, 415 F.2d 167, 173 (10th Cir. 1969); Hensley v. United States, 406 F.2d 481, 484 (10th Cir. 1968); Sablowski v. United States, 403 F.2d 347, 349 (10th Cir. 1968); United States v. Miriani, 422 F.2d 150 (6th Cir. 1970), cert. denied, 399 U.S. 910, 90 S.Ct. 2199, 26 L.Ed.2d 561 (1970); Williams v. United States, 381 F.2d 20 (9th Cir. 1967).

■ There was ample evidence to sustain the court's action in denying the motion to suppress. The attending doctor testified that when Gonzalez appeared at the hospital and requested treatment for his condition, he was not in acute distress or agony and when spoken to responded and gave logical answers. A nurse who treated him said that when he first appeared at the hospital he complained of stomach cramps and stated that he was not feeling well. A doctor, an expert in the field of drug addiction, testified that in his opinion when Gonzalez confessed at the police station he was having severe heroin

withdrawal pains, but that this would not affect his ability to make a rational decision. The expert also testified that the ability to act freely is greatly impaired when a person is undergoing severe heroin withdrawal, even to the extent of confessing to a major crime if it were thought that this would result in gaining relief. The arresting officers and the F.B.I. agent found Gonzalez to be in fairly good condition and alert, although he appeared to be tired and uncomfortable. The essence of Gonzalez' testimony was that he didn't remember what he told the officers, but that he signed the papers only after he was promised that he would be furnished with a drug if he made a statement. He said that at the time of the alleged promise the F.B.I. agent showed him a bottle of Methadone, which is a narcotic used to relieve addicts who are suffering from heroin withdrawal. This testimony was denied by the agent.

At the trial the defense limited its evidence to the issue of whether the foregoing statements were voluntary. The evidence produced on the motion to suppress was repeated at the trial and submitted to the jury with appropriate and adequate instructions. Whether the statements and the waivers made by the accused were voluntary was a factual question to be determined by the trial court and jury, and will not be disturbed on appeal unless clearly erroneous. United States v. Cowley, 452 F.2d 243 (10th Cir. 1971); Streets v. Wainwright, 436 F.2d 962 (5th Cir. 1970); Coyote v. United States, 380 F.2d 305 (10th Cir. 1967), cert. denied, 389 U.S. 992, 88 S.Ct. 489, 19 L.Ed.2d 484 (1967).

■ Gonzalez next contends that the trial court erred in admitting testimony concerning his shoes which, he asserts, should have been suppressed because of an illegal search and seizure. He specifically contends that the removal of the shoes and other items of clothing from the trunk of the stolen car, which had since been impounded by police, and the further testimony of police detectives at trial which related that appellant was wearing the same shoes in court, was prejudicial and a result of an illegal search, and therefore should have been suppressed. The officers did not conduct a general search of the car, but only obtained and delivered personal effects which Gonzalez had requested. The shoes were not incriminating except to show the possession of the automobile by Gonzalez, which was not in dispute. Assuming arguendo that this was a search, the introduction of this testimony was harmless in view of the overall evidence of guilt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705 (1967); Kotteakos v. United States, 328 U.S. 750, 764, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); United States v. Williams, 445 F.2d 421 (10th Cir. 1971); United States v. Kellerman, 432 F.2d 371 (10th Cir. 1970); Pinelli v. United States, 403 F.2d 998 (10th Cir. 1968), cert. denied, 395 U.S. 968, 89 S. Ct. 2116, 23 L.Ed.2d 755 (1969). Furthermore, in the absence of duress or coercion, if in fact a search was made, we are convinced that the appellant voluntarily consented to the search. United States v. Miles, 449 F.2d 1272 (10th Cir. 1971).

■ Appellant's final assignment of error is that the prosecution's question on cross-examination, "How do you support your habit?", was improper and prejudicial. The question was improper, but considering the record as a whole we find that the question in itself was not prejudicial. The trial court promptly sustained a defense objection to the question and it was not referred to again. In addition, we are convinced that the evidence of guilt is so overwhelming that this question would not have had any substantial influence on the jury. Kotteakos v. United States, *supra*; Rogers v. United States, 411 F. 2d 228 (10th Cir. 1969).

Affirmed.