**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Andrew Manuel WATERS et al.,**
**Defendants-Appellants.**

**Nos. 71-1505 to 71-1508.**

United States Court of Appeals,
Tenth Circuit.

May 31, 1972.

Andrew D. Lyons, Overland Park, Kan., for defendant-appellant Waters.

Charles A. Beck, Denver, Colo., for defendant-appellant Robins.

John M. Hensel, Overland Park, Kan., for defendants-appellants Robins, Rollie and Sublett.

James A. Pusateri, Asst. U. S. Atty., Kansas City, Kan. (Robert J. Roth, U. S. Atty., on the brief), for plaintiff-appellee.

Before CLARK,* Associate Justice, and HILL and DOYLE, United States Circuit Judges.

HILL, Circuit Judge.

These are direct appeals from jury convictions in the District of Kansas of violation of 18 U.S.C. § 2113(a) and (d), and 18 U.S.C. § 2, assaulting or putting in jeopardy the life of any person by the use of a dangerous weapon or device in the commission of a bank robbery, and aiding and abetting.

The evidence in the record shows that on January 14, 1971, the Fidelity State Bank in Kansas City, Kansas, was robbed by three men armed with revolvers and wearing ski masks and coveralls. Waving their revolvers and telling the bank's employees and patrons to sit still, keep quiet and not to touch anything, two of the robbers advanced and jumped over a counter into the bank's teller area. They took the money from two teller cages, put it into sacks, jumped back across the counter, and left the bank, making their escape in a car parked in front of the bank. This car was soon abandoned, along with articles of clothing, and the three entered another car. They drove this car to another place where they met the other two appellants in a third car and gave them the money. In their separate cars, the five then drove to a residence. The residence was under surveillance by law enforcement officers as a result of prior information given by an informant. The five soon left the house at the request of the owner and went in separate directions. Arrests were made soon thereafter. One of the robbery participants, Ronald Johnson, pleaded guilty and testified as a government witness that he, Waters and Sublett were the three who entered the bank; that Robins and Rollie were the two men to whom he had delivered the money; that they had helped in the planning beforehand; and that Robins was instrumental in supplying the guns used in the robbery. Robins and Rollie were convicted as aiders and abettors under 18 U.S.C. § 2.

Appellant Waters asserts trial error in allowing a special agent of the

F.B.I. to testify concerning an interview he had subsequent to the arrest while incarcerated at the Leavenworth County jail in Leavenworth, Kansas. His contention is that he was misinformed and misled by the F.B.I. agent of his right to appointed legal counsel prior to questioning. Waters contends the conflicting versions of the same incident raised sufficient question as to the admissibility to prevent the F.B.I. agent's testimony regarding the interview. The trial court found Waters' statements were made voluntarily and with full knowledge of his rights. We have repeatedly held that factual determinations by the trial court as to whether statements and waivers made by the accused were voluntary will not be disturbed on appeal unless clearly erroneous.[1]

■ Appellant Robins next advances three arguments which he maintains require reversal of his conviction and sentence. He first contends he was denied effective assistance of counsel because counsel was appointed only a short time before trial. The appointment was made the morning of March 1, 1971; the jury was selected that afternoon, and trial was commenced the following day. Robins maintains the court erred in refusing to sever his case and grant a continuance to allow him and his counsel an opportunity to discuss his case and prepare his defense. In Goforth v. United States, 314 F.2d 868 (10th Cir. 1963), cert. denied, 374 U.S. 812, 83 S. Ct. 1703, 10 L.Ed.2d 1035, we held the late appointment of counsel was not a denial of effective assistance of counsel in view of the showing on the record that defense counsel was an active and effective participant in the trial, and exercised wisely the right of cross-examination and clearly presented his defense. The record before us now clearly shows Robins' appointed defense counsel exercised laudable participation at all stages of trial and in presentation of the defense. It was Robins' appointed counsel who challenged the validity of the original stopping of Robins, and who questioned whether there was sufficiently reliable informer disclosure to justify the focusing of suspicion on Robins. Additionally, it was Robins' defense counsel who interrogated three of the four defense witnesses at trial.

■ Robins next asserts the trial court erred in refusing his request for disclosure of the identity of the informer whose information led to his apprehension and arrest. He contends this disclosure was necessary, first to test whether the information was sufficiently reliable to establish probable cause for Robins' arrest, and second to test the veracity of the co-participant who testified in behalf of the government. Robins maintains the only evidence linking himself to the crime is the co-participant's testimony. He further contends the disclosure of the informer's identity was necessary to the preparation of his defense. This Court has stated "the government may be required to disclose the identity of an informer if his testimony might be relevant to the defense and it is made to appear on balance that justice would be best served by the disclosure." Garcia v. United States, 373 F.2d 806, 808 (10th Cir. 1967).

The Supreme Court, in further defining the privilege to withhold an informer's identity, stated, in McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L. Ed.2d 62 (1967), reh. denied, 386 U.S. 1042, 87 S.Ct. 1474, 18 L.Ed.2d 616, upholding the Illinois evidentiary rule, that "[w]hen the issue is not guilt or innocence, but, as here, the question of probable cause for an arrest or search . . . police officers need not invariably be required to disclose an informant's identity if the trial judge is convinced, by the evidence submitted in open court and subject to cross-examination, that the officers did rely in good faith upon credible information supplied by a reliable informant." The reliabili-

---

1. United States v. Quinones-Gonzalez, 452 F.2d 964 (10th Cir. 1971) ; United States v. Cowley, 452 F.2d 243 (10th Cir. 1971).

ty of the informer was graphically illustrated by the commission of the robbery itself.[2]

■ Appellant Robins additionally contends the informer's identity was necessary to his defense in seeking evidence relating to the veracity of the co-participant who testified against him. Speculation as to possible assistance in the defense of a case which would be afforded by disclosure of the informer's identity is not a sufficient basis for requiring that disclosure.[3] Disclosure of the identity of an informer is a matter of judicial discretion.[4] We cannot conclude the trial court's decision was an abuse of that discretion requiring reversal.

■ Robins next asserts he could not be convicted as an aider and abettor under 18 U.S.C. § 2 of the crime charged in 18 U.S.C. § 2113(d) because he was not physically present at the bank robbery, therefore he could not have assaulted nor put in jeopardy the life of anybody. We recently dealt with both of these statutes in United States v. Harris, 441 F.2d 1333 (10th Cir. 1971), concluding at 1336, that "to be guilty of such a crime, one does not have to have an active stake in the outcome of the crime, but merely to participate therein." We held there, *inter alia*, the guilt of the aider and abettor could properly be considered in a charge of bank robbery under 18 U.S.C. § 2113(d). Absence from the scene of the robbery does not preclude conviction of the aider and abettor of the aggravated offense of bank robbery by assaulting or jeopardizing lives.[5]

■■ Appellants Robins, Rollie and Sublett next contend the failure of the trial court to inform defense counsel of its proposed action on the giving of requested instructions as required by Rule 30, F.R.Crim.P., constitutes reversible error. Defense counsel's two-part request to the court was that there be no instruction given relative to 18 U.S.C. § 2113(d), but that if such instruction be given, that it be the form of instruction submitted by them, which was an extremely restrictive one relative to facts constituting assault and jeopardy of life. The trial judge immediately informed them he would instruct the jury relative to 18 U.S.C. § 2113(d). The only trial court action remaining unreconciled was whether the court would accept or reject the form of appellant's instruction. The ultimate form of the instructions is a matter committed to the trial judge's discretion; there is no compulsion to adopt the language of the requested instructions.[6] Rule 30, F.R.Crim.P., requires the trial court to inform counsel of the substance of what is to be contained in the instructions. This will not constitute reversible error, particularly when viewed together with the absence of objection at the proper time to the court's failure to inform of its proposed action.[7]

■ All four appellants join in the assertion that there was insufficient evi-

---

2. According to F.B.I. agents, the informant related substantially complete details of the robbery and was incorrect only in that the day of the robbery would be January 13, 1971.

3. *See* United States v. Kelly, 449 F.2d 329 (9th Cir. 1971); United States v. Estrada, 441 F.2d 873 (9th Cir. 1971); Lannom v. United States, 381 F.2d 858 (9th Cir. 1967), cert. denied, 389 U.S. 1041, 88 S.Ct. 784, 19 L.Ed.2d 833.

4. Riley v. United States, 411 F.2d 1146 (9th Cir. 1969), cert. denied, 397 U.S. 906, 90 S.Ct. 897, 25 L.Ed.2d 87.

5. *See* United States v. Von Roeder, 435 F.2d 1004 (10th Cir. 1970), cert. denied, Gonzales v. United States, 403 U.S. 934, 91 S.Ct. 2264, 29 L.Ed.2d 713.

6. United States v. Butler, 446 F.2d 975 (10th Cir. 1971); Taylor v. Denver & R.G.W.R.R., 438 F.2d 351 (10th Cir. 1971); Elbel v. United States, 364 F.2d 127 (10th Cir. 1966), cert. denied, 385 U.S. 1014, 87 S.Ct. 726, 17 L.Ed.2d 550, reh. denied, 386 U.S. 939, 87 S.Ct. 959, 17 L.Ed.2d 812; Sanseverino v. United States, 321 F.2d 714 (10th Cir. 1963).

7. *See* Whitlock v. United States, 429 F.2d 942 (10th Cir. 1970).

dence to sustain conviction under 18 U. S.C. § 2113(d). In this context they maintain there was no evidence that anyone was assaulted nor that any lives were in jeopardy, because the bank employees never testified that the guns were pointed at anyone or that the display of guns was accompanied by any threatening words or gestures. It is also asserted the lack of proof as to whether the guns were loaded or unloaded precludes conviction under § 2113(d). Their position is that the evidence adduced went only to establishing a violation of § 2113(a), the lesser included degree of bank robbery.

These elements of the crime defined in § 2113(d) have not been previously directly dealt with by this Court. Opposing conclusions reached in Bradley v. United States, 447 F.2d 264 (8th Cir. 1971), and United States v. Beasley, 438 F.2d 1279 (6th Cir. 1971), cert. denied, 92 U.S. 124, reh. denied, 92 U.S. 566, are somewhat helpful to the disposition of this question. Both cases involved convictions under § 2113(d) wherein the "dangerous weapon or device" used was a completely harmless package represented as a bomb.[8] In Beasley, the court affirmed the conviction under § 2113(d) with Judge McCree dissenting. The conviction was reversed in Bradley on the basis that there was no assault or lives put in jeopardy because there was not present the ability to inflict the threatened injury. In short, the aggravated charge could not be sustained because there was lacking the objective capacity to inflict injury.

The case before us is favorably contrasted in that the very element creating the division of opinion, that of lack of objective capacity to inflict the threatened injury, is present in this case. The three robbers entered the bank, each brandishing his weapon, shouting and ordering the employees and patrons not to move or touch anything. Citing United States v. Marshall, 427 F. 2d 434 (2d Cir. 1970), appellants maintain the absence of proof by the government that the guns were loaded during the bank robbery precludes their conviction under § 2113(d). We distinguish Marshall on the basis that some evidence had been offered tending to show the guns were unloaded, thereby affording some basis for doubt that the jury, if properly instructed, would have found contrary to the court's previously approved permissible inference that the guns were loaded. The inference that the guns used in a robbery were loaded has been previously approved by this Court.[9] This inference is particularly cogent in view of the testimony of an F.B.I. agent that appellant Waters had stated he had made sure the safety on his gun was on both before and throughout the robbery. Had the gun been not loaded, there would have been no need for the use of the safety.

Appellants' reliance on cases which they contend require proof of more than mere exhibition of a gun, unaccompanied by testimony or proof that the guns were ever pointed at anyone, is misplaced. Both were raised and disposed of on the basis of allegedly faulty indictments, rather than the failure to prove the assault.[10]

The judgment and conviction in each of the four consolidated appeals is affirmed.

8. In Bradley, the "bomb" was a sack containing only paper and other harmless items. In Beasley, the "bomb" was a soft drink can with a flashbulb cube wired to its top and represented by the robber as being detonable with another flashbulb cube which he retained in his possession.

9. Lewis v. United States, 365 F.2d 672 (10th Cir. 1966), cert. denied, 386 U.S. 945, 87 S.Ct. 978, 17 L.Ed.2d 875.

10. See Meyers v. United States, 116 F.2d 601 (5th Cir. 1940); United States v. Gebhart, 90 F.Supp. 509 (D.C.Neb. 1950).